

# NUMBER 13-22-00009-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**NOEL NICKO VILLARREAL
SANTA MARIA,** Appellant,

**v.**

**THE STATE OF TEXAS,** Appellee.

---

### On appeal from the 24th District Court
### of Victoria County, Texas.

---

# MEMORANDUM OPINION

### Before Chief Justice Contreras and Justices Benavides and Tijerina
### Memorandum Opinion by Justice Benavides

On June 8, 2020, pursuant to a plea agreement, appellant Noel Nicko Villarreal Santa Maria pleaded guilty to making a terroristic threat, a third-degree felony. *See* TEX. PENAL CODE ANN. § 22.07(e). The trial court accepted Santa Maria's plea, deferred adjudication of guilt, and placed him on community supervision for a period of ten years.

On August 27, 2021, the State filed a motion to revoke alleging Santa Maria had violated a condition of his community supervision. Santa Maria pleaded true to the allegations in the motion to revoke. After adjudicating Santa Maria guilty, the trial court sentenced him to ten years' imprisonment. *See id.* § 12.34(a). Santa Maria's court-appointed appellate counsel filed an *Anders* brief stating that there are no arguable grounds for appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967). We affirm the judgment.

## I. *ANDERS* BRIEF

Pursuant to *Anders v. California*, Santa Maria's court-appointed appellate counsel filed a brief and a motion to withdraw with this Court, stating that his review of the record yielded no grounds of reversible error upon which an appeal can be predicated. *See id.* Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities." (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi–Edinburg 2003, no pet.))); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978) and *Kelly v. State*, 436 S.W.3d 313, 319–22 (Tex. Crim. App. 2014), Santa Maria's counsel carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment. Santa Maria's counsel also informed this Court in writing

2

that he: (1) notified Santa Maria that counsel has filed an *Anders* brief and a motion to withdraw; (2) provided Santa Maria with copies of both pleadings; (3) informed Santa Maria of his rights to file pro se responses, review the record prior to filing those responses, and seek discretionary review if we conclude that the appeal is frivolous; and (4) provided Santa Maria with a form motion for pro se access to the appellate record with instructions to file the motion within ten days. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 319–20; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. An adequate amount of time has passed, and Santa Maria has not requested access to the appellate record or filed a pro se response.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the entire record and counsel's brief, and we have found nothing that would support a finding of reversible error. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.

## III. MOTION TO WITHDRAW

In accordance with *Anders*, Santa Maria's counsel asked this Court for permission to withdraw as counsel. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas

3

1995, no pet.) ("[I]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motion to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to Santa Maria and to advise him of his right to file a petition for discretionary review.[1] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

## IV. CONCLUSION

We affirm the trial court's judgment in appellate cause number 13-22-00009-CR.

GINA M. BENAVIDES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
2nd day of June, 2022.

---

[1] No substitute counsel will be appointed. Should Santa Maria wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court. *See* TEX. R. APP. P. 68.2. A petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *See id.* R. 68.3. Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See id.* R. 68.4.